ATLANTIC COAST LINE R. CO et al., Plaintiffs,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants.

No. 66 Civ. 3825.

United States District Court
S. D. New York.

March 21, 1967.

Gerald E. Dwyer and J. Edgar McDonald, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., and Michael D. Hess, Asst. U. S. Atty., Southern Dist. of New York, for the United States.

Robert W. Ginnane, Gen. Counsel, and Leonard S. Goodman, Asst. Gen. Counsel,

Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

METZNER, District Judge.

Defendants move to dismiss this action without prejudice on the ground that the plaintiffs may not maintain an independent action for the relief sought in the complaint.

This action is one of several in a series of maneuvers to review an order of the Interstate Commerce Commission. Originally the Commission sustained a complaint by the Thomson Phosphate Co. alleging that certain rates charged by the plaintiffs herein were unjust and unreasonable, and seeking reimbursement of those transportation charges to the extent that they were unlawful. Thomson Phosphate Co. v. Atlantic Coast Line R.R., 303 I.C.C. 25 (1958). Additional proceedings were held before the Commission when the carriers refused to certify the shipper's statements showing the shipments made during the period involved. The Commission found that Thomson was entitled to reparations in the sum of $8,889.76. Thomson, following the provisions of the act, instituted an action in this district in 1962 to enforce the Commission's award pursuant to section 16(2) of the Interstate Commerce Act.

The carriers instituted an action in the United States District Court for the Middle District of Florida to annul the orders of the Commission pursuant to section 17(9) of the act. Thomson's action in this district was held in abeyance by stipulation of counsel pending the outcome of the Florida case. The Florida case was disposed of by the Supreme Court on the ground that the Florida district court did not have jurisdiction of the suit. Interstate Commerce Comm'n v. Atlantic Coast Line R. R., 383 U.S. 576, 86 S.Ct. 1000, 16 L.Ed.2d 109 (1966). The Court held that the carriers may review the order of the Interstate Commerce Commission by defending the section 16(2) action, and could not obtain a review in

a forum other than that chosen by the shipper. In so holding the Court stated that

"we find no obstacle to the carriers' bringing a § 17(9) cross-proceeding in the forum selected by the shipper, should they so desire." 383 U.S. at 589, 86 S.Ct. at 1009.

The Court pointed out that section 16(2) does not cut off any defense or interpose any obstacle to a full contestation of all the issues. The carriers have ample opportunity to secure review of the Commission's order through defense of the shipper's enforcement action and limiting review to the enforcement action would not be likely to result in a disparity of treatment of shippers. The Court pointed out at page 605, 86 S.Ct. at page 1017, that it was holding direct review inapplicable in a case where the carriers brought such an action in a forum other than that selected by the shipper for an enforcement action, and that the reasons therefor were inapplicable where the direct review proceeding is brought as a "cross-action" in the enforcement court. It said:

"And we think that the § 16(2) provisions respecting court costs and attorney's fees unquestionably would be applicable to the whole of the *combined action* in such a case." (Emphasis supplied).

Following the decision of the Supreme Court, the carriers instituted this separate action for direct review in this district in 1966. It is the contention of the defendants that a reading of the Supreme Court decision does not allow for an independent action, but rather for the assertion of the invalidity of the orders of the Commission by way of counterclaim in the enforcement action. Plaintiffs argue that under the Court's decision it may maintain this action separately, but in the alternative the court should consolidate the two actions. The nuances of the procedural maneuvering have not been made clear to the court, but it is certainly obvious that a great deal of the court's time and that of counsel is being

wasted in getting to the merits of the controversy.

■ F.R.Civ.P. 13 is headed "Counter-claim and Cross-claim." When the Supreme Court spoke of "cross-proceeding" and "cross-action" in the enforcement court, I am of the opinion that it was speaking of "cross-claim" as referred to in rule 13. This view is supported by the language of the Court quoted above referring to "combined action." Furthermore, such procedure would obviate the necessity for an intermediate motion for consolidation, because it could never have been the intent that the actions continue separately to judgment.

■ In the posture of the present case, it seems a useless gesture to dismiss the action and force the plaintiffs to amend their answer to the Thomson action which has been pending since 1962. Instead of dismissing the complaint, as requested by the defendants herein, the court will consolidate the actions under the index number and calendar number of the enforcement action, which is 62 Civ. 2911—Calendar No. 395(4).

So ordered.